Filed 11/26/24  P. v. Campos CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083277 |
| Plaintiff and Respondent, | |
| v. | |
| JESUS CAMPOS, | (Super. Ct. No. CR125741) |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Laura J. Birkmeyer, Judge.   Reversed and remanded.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

Jesus Campos appeals from an order denying his petition under Penal Code section 1172.6[1] for resentencing on a 1992 first degree murder conviction. We reverse and remand so the trial court can conduct the prima facie review of Campos's petition upon an adequate record.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.     The Charges, Conviction, and Sentence**

In 1991, Campos was charged with the murder of George Reyes. The charges included an allegation that Campos used a firearm in the commission of the offense, namely a pistol. The jury convicted Campos of first degree murder. The court found that Campos used a firearm in the commission of the offense within the meaning of section 12022.5. He was sentenced to 27 years to life in prison.

**B.     Direct Appeal**

We affirmed the judgment of conviction on direct appeal. (*People v. Campos-Covarrubias* (Oct. 27, 1993, D017737 [nonpub. opn.].)

**C.     Section 1172.6 Petition and Ruling**

In May 2023, Campos filed a petition for resentencing under section 1172.6, alleging that he was eligible for relief under amendments to the law made by Senate Bill No. 775 (2021–2022 Reg. Sess.). He alleged that the charges allowed for his prosecution "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." The court appointed counsel to represent him.

---

[1]     Penal Code section 1172.6 was originally enacted as Penal Code section 1170.95, but then renumbered as section 1172.6 on June 30, 2022. (Stats. 2022, ch. 58, § 10 (Assem. Bill No. 200).) We refer to the subject statute by its current number throughout this opinion. All further statutory references are to the Penal Code.

The People's initial response summarized facts from the direct appeal, and attached the appellate opinion to the response. The response also included a copy of the information, relevant minute orders, and the abstract of judgment. The People argued that pursuant to *People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*), the trial court could consider the appellate opinion in determining the sufficiency of the petition at the prima facie stage. It referenced Campos's trial testimony in which he acknowledged that he was the actual killer and stated that the appellate decision established that there were no accomplices to the crime.

At the hearing, Campos's counsel argued that at the prima facie stage, the court could consider the appellate decision only for procedural purposes, and that the court should not consider trial testimony. She further noted that the jury instructions had not been provided. The prosecutor countered that "the [District Court of Appeal] opinion, even without the facts, lays out that Mr. Campos was the sole actor and not an accomplice."

The court asked the prosecution whether, "assuming I don't rely on the factual statement in the Court of Appeal decision," the record for denying the petition was sufficient based upon the abstract of judgment showing his conviction for first degree murder and the enhancement showing personal use of a firearm, as well as the information that charged only Campos for the murder. The prosecution assured the court that "the procedural portions and legal findings from the [District Court of Appeal] opinion goes to show that Mr. Campos acted alone and did, in fact, shoot the victim to death." The prosecutor emphasized that "the legal findings" in the appellate decision showed that Campos acted alone, with premeditation, deliberation and willfulness, and therefore was not an accomplice. Campos's counsel countered that without the jury instructions, the evidence was insufficient to deny the petition.

The court agreed that it would not consider the facts as stated in the appellate decision; and it further agreed that the allegation of the use of the pistol "does not in and of itself exclude the possibility of a felony murder rule conviction or his having the role of an accomplice." Nonetheless, the court denied Campos's petition, stating:

> "[W]hen taken in combination with the other facts, the documents that the Court has before it, including the charging document, the sentencing document, and the procedural history that's outlined in the Court of Appeal, I believe their conclusion is correct, that he was a sole actor. He was not— there's no theory of felony murder, no theory—no accomplice theory upon which he was convicted. And for those reasons, not relying on the statements of fact in the Court of Appeal decision. . . . But, for those reasons, and relying exclusively on the procedural history offered by the Court of Appeal, with that combination I find there is not a prima facie showing, and thus I'm not going to send [*sic*] an OSC."

Campos filed a timely notice of appeal.

## DISCUSSION

Campos argues that the trial court erred by denying the section 1172.6 petition at the prima facie stage. He argues that "nothing in [his] record of conviction dispositively identifies the actual killer, and any resolution of that factual issue would require an evidentiary hearing at which both parties have the opportunity to present new or additional evidence." He notes that in responding to the petition, the People did not present the court with the jury instructions, verdict forms, or transcripts of closing arguments that could have shown the theories of culpability that were presented to the jury. He further argues that the information relied upon by the court was insufficient for the court to conclude that he was ineligible for resentencing relief as a matter of law. As we explain below, we agree.

4

## A.    We Deny Respondent's Motion for Judicial Notice

Respondent has brought before us a motion that we "take judicial notice of the record from appellant's direct appeal, case no. D017737, including the unpublished opinion resolving that matter" (the motion), arguing that "[t]he record from the direct appeal is relevant because it is part of the record of conviction appropriate for consideration in a summary denial of a resentencing petition under . . . section 1172.6." He further argues that the jury instructions would establish that the jury was not instructed on any theory of imputed liability.

Campos objects to the request. Among other concerns, he notes that the appellate record was not provided to the trial court, was not the basis for the trial court's ruling and is not part of the record on appeal. He states that his appellate counsel has not had an opportunity to evaluate the records.

As an initial matter, we note that there are no records attached to the motion, nor does Respondent explain why it was not practicable to do so, in violation of California Rules of Court, rule 8.252(a)(3). The motion is overbroad, in that it makes no attempt to distinguish items in the record that would constitute the record of conviction (and therefore could be considered at the prima facie stage) from the record in its entirety. Further, to the extent that the motion requests that we take judicial notice of the unpublished opinion on direct appeal, as discussed above, that opinion was attached to the People's initial response to the petition, and therefore is part of the record before us, so there is no need for us to take further judicial notice of it.

But even if the motion did not suffer from these technical defects, we would deny it.

It is true that the court may take judicial notice of the records of a court of the state. (Evid. Code, § 452, subd. (d); Cal. Rules of Court,

5

rule 8.252(a)(2)(C).)  But it is also true that reviewing courts generally consider only those matters which were considered by the trial court, particularly when the same information could have been presented to the trial court.  (See *Brosterhous v. State Bar* (1995) 12 Cal.4th 315, 325 ["[A] reviewing court will ordinarily look only to the record made in the trial court."].)  "An appellate court may properly decline to take judicial notice . . . of a matter which should have been presented to the trial court for its consideration in the first instance." (*Id.* at pp. 325–326.)

Further, as we recently explained in *People v. Gallardo* (2024) 105 Cal.App.5th 296 (*Gallardo*), without the trial court's review of the record of conviction, "the burden is then placed on the appellate courts to review the trial court's order for harmless error, which would, in this case, require us to review volumes of transcripts in the first instance.  Section 1172.6 does not contemplate the appellate courts' performing such a function, nor are the reviewing courts equipped to do so." (*Gallardo*, at p. 299.)  Unlike the situation in *Gallardo*, here, the parties provided the court with briefing, and the People's brief included some parts of the record of conviction, including the information, the abstract of judgment and the opinion on direct appeal.  However, the portion of the record on which Respondent now relies to support its arguments on appeal, namely the jury instructions, were not provided to the trial court, leaving it without the information it needed to fully consider Campos's petition at the prima facie stage.  "[W]e will not base our review entirely on evidence not considered by the trial court." (*Gallardo*, at p. 303, fn. 3 [denying request for judicial notice on appeal from a denial of a petition under section 1172.6].)

Further, it is not clear to us that Campos has had an opportunity to review the jury instructions (other than those discussed in Respondent's brief) and other relevant records to ensure that they are complete and accurate and to develop legal arguments based on them.  If the People had presented the

6

records to the trial court, these issues could have been resolved below, and the trial court would have had an adequate basis to make the requested finding.

We deny Respondent's motion for judicial notice.

## B. Standard of Review

We independently review an order denying section 1172.6 relief at the prima facie stage. (*People v. Burns* (2023) 95 Cal.App.5th 862, 866.)

## C. Governing Law

Effective January 1, 2019, Senate Bill No. 1437 significantly limited the scope of California's felony murder rule and eliminated liability for murder under the natural and probable consequences doctrine through two key provisions. (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*).) First, Senate Bill No. 1437 amended section 189 so that "[d]efendants who were neither actual killers nor acted with the intent to kill can be held liable for [felony] murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life.' " (*Strong*, at p. 708, quoting § 189, subd. (e)(3).) Second, it amended section 188 to provide that, when the felony-murder rule does not apply, a principal in the crime of murder can only be convicted where he or she acted "with malice aforethought," and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); see *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.)

Under section 1172.6, subd. (a), a defendant who could not have been convicted under current law may petition the sentencing court to vacate their murder conviction and resentence them on any remaining counts. The process begins with the filing of a petition containing a declaration that all requirements for eligibility are met. (See § 1172.6, subd. (b)(1).) If the defendant's petition is facially valid, the trial court is permitted to examine the record of conviction after appointing counsel to assess whether it conclusively

7

refutes the petitioner's claim of eligibility. (*Lewis, supra*, 11 Cal.5th at pp. 970–972.)

Under section 1172.6, subdivision (c), the court may deny the petition at the prima facie stage if the record of conviction discloses that the petitioner is ineligible for relief as a matter of law. (*Lewis, supra*, 11 Cal.5th at pp. 960, 971.) Otherwise, the court must issue an order to show cause and hold an evidentiary hearing under section 1172.6, subdivision (d) to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner on any remaining counts. (*Lewis*, at p. 960.)[2]

One of the requirements for the prima facie showing is that the petitioner "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189" made by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).) Accordingly, a court may deny the petition at the prima facie stage if the record of conviction conclusively establishes that the petitioner was convicted on a theory not affected by Senate Bill No. 1437. (See, e.g., *People v. Williams* (2022) 86 Cal.App.5th 1244, 1257–1258; *People v. Harden* (2022) 81 Cal.App.5th 45, 47–48, 59–60.)

### D. The Incomplete Record Before the Trial Court Does Not Establish that Campos is Ineligible for Relief

In its ruling denying Campos's petition at the prima facie stage, the court referred to "the charging document, the sentencing document, and the procedural history that's outlined in the Court of Appeal." Either considered individually or in combination, these matters are inadequate to find Campos's ineligibility as a matter of law.

---

2    If the case proceeds to an evidentiary hearing, the burden is "on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder" under California law as amended by Senate Bill No. 1437. (§ 1172.6, subd. (d).)

First, it is true that the information charges only Campos for the first degree murder of Reyes and names no codefendants. However, the fact that a petitioner is charged alone "does not establish ineligibility as a matter of law." (*People v. Estrada* (2024) 101 Cal.App.5th 328, 339 [prosecutors are not required to try all codefendants together, so a charging document does not exclude others and does not foreclose the prosecution from presenting imputed malice as to the named defendant].)

The "sentencing document" (presumably, the abstract of judgment) establishes the bare fact that Campos was convicted of first degree murder. It provides no insight into the theory by which the jury reached the verdict. Further, to the extent that by referencing the "sentencing document," the court was considering the enhancement for personal use of a firearm, the courts have held that the findings supporting such enhancements are not the equivalent of a finding as to the defendant's mental state. (See, e.g., *People v. Offley* (2020) 48 Cal.App.5th 588, 598 [enhancement based on section 12022.53 does not establish that defendant acted with malice aforethought].)

Finally, we are puzzled by the court's reference to "the procedural history that's outlined in the Court of Appeal." The appellate opinion does not include a section on procedural history, instead focusing on a relatively lengthy discussion of the facts as elicited during trial and then moving on to appellate issues of prosecutorial error, judicial misconduct, and sufficiency of the evidence. In discussing the sufficiency of the evidence, the opinion states that Campos "was the individual who shot and killed Reyes," but it cannot be said that such a statement was part of the procedural history of the case. Instead, that statement appears to be the appellate court's characterization of certain testimony in the case. But the facts set forth in an appellate petition may not

9

be considered on a petition for resentencing. (*People v. Flores* (2022) 76 Cal.App.5th 974, 988).[3]

Thus, on the incomplete record that was before the trial court, there was insufficient evidence to conclude that Campos was ineligible for relief as a matter of law.

Because we deny the request for judicial notice, our inquiry ends here. As in *Gallardo*, we believe it is appropriate to remand the matter so the court can consider Campos's eligibility at the prima facie stage with the benefit of a fully developed record and informed briefing by the parties.

---

[3]  As stated in *Flores*, "[T]he factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing. (§1170.95, subd. (d)(3) ['The court may also consider the *procedural history* of the case recited in any prior appellate opinion.'].) If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage." (*Flores, supra*, 76 Cal.App.5th at p. 988.)

## DISPOSITION

The order is reversed.  The matter is remanded for the trial court to conduct proceedings consistent with section 1172.6, subdivision (c).


KELETY, J.

WE CONCUR:


DO, Acting P. J.


RUBIN, J.